## JOSEPH LOW *versus* OLIVE R. SMART.

A surety is entitled to the benefit of any security, which a co-surety has.
Where a suit was brought upon a note transferred to a surety for his indemnity, it was held that a co-surety was not a competetent witness for the plaintiff.

ASSUMPSIT on a note for $380, dated June 26, 1826, payable to Peter Smart, or order, and by him endorsed to the plaintiff.

The cause was tried upon the general issue, at September term, 1830, when it was admitted that the note was made and endorsed, and that the same was transferred to Peter Elkins, whose property it remained.

There were several sums endorsed upon the note, the last of which was under the date of August 16, 1826. The defendant called the payee, who testified, that after the 20th August, 1826, he received of the maker the whole amount due on the note, and that afterwards he transferred the note to Elkins, as a security for certain

liabilities Elkins had incurred on his account, and that when he so transferred the note to Elkins, he informed him that the note had been paid.

The plaintiff then called Benjamin Emery, who being sworn to make true answers, stated that he conceived himself to be interested in the cause, because the note had been put into the hands of Elkins, as security for liabilities incurred by Elkins as a surety for Smart, where he, Emery, was jointly liable as a surety with Elkins; but that there had been no agreement between Emery and Elkins, that Emery should have any benefit from this note.

Emery being admitted as a witness, stated that he was present when the note was transferred to Elkins, that it was transferred on the 18th August, 1826, and that he heard nothing said of its having been paid.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, on the ground that Emery was interested in the event of the suit, and therefore an incompetent witness.

*R. Bartlett*, for the plaintiff.

*Peaslee* and *M. Kent*, for the defendant.

*By the court.* The law seems to be perfectly settled, that one surety is entitled to the benefit of any security which another, who is his co-surety, has. 1 Johns. S. C. Rep. 409; 10 ditto, 524; 11 ditto, 22—23; 10 ditto, 409; 4 ditto, C. Rep. 123; 4 N. H. Rep. 488; 4 Vesey, 824; 1 Johns. Cases, 137; 17 Johns. 384; 7 ditto, 336; 8 Pick. 122; 5 ditto, 307; 17 Mass. Rep. 464; 2 Binney, 382.

This being the case, it is clear that Emery had an interest in the event of the suit inclining him in favor of the plaintiff, who called him. He was, therefore, improperly admitted to testify for the plaintiff, and there must be

*A new trial granted.*